[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14870
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00039-WLS-TQL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER ROSS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(April 21, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Roger Ross appeals his convictions for conspiracy to possess with intent to distribute cocaine and cocaine base, eight counts of use of a communication facility with the intent to distribute cocaine and/or cocaine base, and conspiracy to falsify records in a federal investigation.  On appeal, Ross argues that the district court erred in admitting recorded phone conversations in which he was the alleged speaker into evidence because his voice was not properly identified.  Additionally, Ross argues that the district court abused its discretion in admitting his alleged co-conspirators' statements, under Fed. R. Evid. 801(d)(2)(E), because the government failed to prove the existence of an underlying conspiracy.  Upon review of the entire record, and after consideration of the parties' briefs, we affirm.

I.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Puentes*, 50 F.3d 1567, 1577 (11th Cir. 1995).  The government has the burden of proving, among other things, the identity of the relevant speakers on a recording that it seeks to introduce at trial.  *United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014).  The district court's authenticity determination should not be disturbed on appeal unless there is no competent evidence in the record to support it.  *United States v. Munoz*, 16 F.3d 1116, 1120-21 (11th Cir. 1994).  The

2

district court has broad discretion in deciding whether to play a recording for a jury. *Reeves*, 742 F.3d at 501.

Federal Rule of Evidence 901(a) provides that evidence is properly authenticated when there is sufficient evidence supporting a finding that an item is what its proponent claims that it is. Fed. R. Evid. 901(a). A voice identification based on hearing the voice under circumstances that connect the voice to the alleged speaker is sufficient to satisfy Rule 901(a). Fed. R. Evid. 901(b)(5). The jury must decide what weight to give to a witness's voice identification. *Reeves*, 742 F.3d at 502.

A law enforcement officer's lack of familiarity with a defendant's voice prior to the commencement of a wiretap does not undermine the reliability of the officer's identification of the defendant's voice at trial. *United States v. Puentes*, 50 F.3d 1567, 1577 (11th Cir. 1995). We have determined that an officer's testimony that he became familiar with the defendant's voice during the wiretap surveillance was sufficient to satisfy the requirements of Rule 901(b)(5). *Id.*

A party can abandon an issue on appeal by making only passing references to the issue in the arguments section of his opening brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014).

3

The district court did not abuse its discretion in admitting the recorded conversations because the government presented sufficient evidence to establish that Ross was the speaker on the recordings. *See Munoz*, 16 F.3d at 1120-21. Both Lee and Pearson testified that there were familiar with Ross's voice after hearing him speak at the cookout and from listening to the recordings of his voice. Additionally, Lee met with Ross in-person in Miami where he at least heard Ross invoke his right to remain silent. Ross cross-examined Lee and Pearson as to their ability to see and hear Ross from their vantage point at the cookout and the circumstances under which they claimed to have become familiar with Ross's voice. Thus, competent evidence supported the district court's decision to admit the recordings. Further, Ross's passing references to the law regarding the sufficiency of the evidence within his evidentiary challenge are insufficient to raise a sufficiency argument on appeal. *See Sapuppo*, 739 F.3d at 682. Accordingly, the district court did not abuse its discretion because competent evidence supported its decision to admit the recordings. *See Munoz*, 16 F.3d at 1120-21.

## II.

We will overturn a district court's factual findings that a statement was made in furtherance of a conspiracy only if clearly erroneous. *United States v. Magluta*, 418 F.3d 1166, 1177 (11th Cir. 2005). A finding of fact is clearly erroneous when,

4

after reviewing all evidence, we are left with a definite and firm conviction that a mistake has been committed. *United States v. Turner*, 871 F.2d 1574, 1581 (11th Cir. 1989).

The Federal Rules of Evidence permit expert witnesses to testify about any form of specialized knowledge that will help the fact finder understand the evidence or determine a factual issue, so long as the expert is qualified by knowledge, skill, experience, training, or education. Fed. R. Evid. 702. Once qualified, an expert witness has latitude to offer his opinion, so long as his testimony establishes that he has "a reliable basis in the knowledge and experience of his discipline" to provide an opinion. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

Statements that would otherwise be hearsay are admissible if they were made by a defendant's co-conspirator during and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). For a co-conspirator's statement to be admissible under Rule 801(d)(2)(E), the government must show by a preponderance of the evidence that: (1) there was a conspiracy; (2) the defendant and the declarant participated in the conspiracy; and (3) the declarant made the statement during the course and in furtherance of the conspiracy. *United States v. Hough*, 803 F.3d 1181, 1193 (11th Cir. 2015). The existence of a conspiracy may be proved by

5

circumstantial evidence alone. *See United States v. Knowles*, 66 F.3d 1146, 1155 (11th Cir. 1995).

In determining the admissibility of co-conspirator statements, the district court may consider both the co-conspirator's out-of-court statement and independent external evidence. *Hough*, 803 F.3d at 1193. We apply a liberal standard in determining whether a statement was made in furtherance of a conspiracy. *United States v. Santiago*, 837 F.2d 1545, 1549 (11th Cir. 1988). However, while the court may consider the contents of a statement, it does not by itself establish the existence of, or the defendant's participation in, the conspiracy. Fed. R. Evid. 801(d)(2)(E).

A defendant's own statements are admissible against him as a party admission. Fed. R. Evid. 801(d)(2)(A); *United States v. Lopez*, 758 F.2d 1517, 1520 (11th Cir. 1985). A district court may consider a defendant's own statements when determining whether a conspiracy existed. *Lopez*, 758 F.2d at 1520. In *Lopez*, we concluded that the defendant's own statements constituted independent evidence for the purpose of determining whether the prosecution had shown by a preponderance of the evidence, and independent of co-conspirators' statements, that: (1) a conspiracy existed; (2) the co-conspirators and defendant were members

6

of the conspiracy; and (3) the statements were made in furtherance of the conspiracy. *See id.*

The district court did not clearly err when it determined that a conspiracy existed because Ross's own statements established the existence of a conspiracy by the preponderance of the evidence. *See Lopez*, 758 F.2d at 1520. Further, the recorded conversations between Ross and his co-conspirators supported the inferences that they were participating in an ongoing drug conspiracy. *See Hough*, 803 F.3d at 1193. Thus, the district court did not abuse its discretion when it admitted Ross's co-conspirators' statements, under Fed. R. Evid. 801(d)(2)(E).

**AFFIRMED.**